[See Case No. 17,226.]

## Case No. 14,860.
### UNITED STATES v. COONS.
[1 Bond, 1.] [1]

Circuit Court, S. D. Ohio. Feb. Term, 1856.

PERJURY—REQUISITES FOR CONVICTION—VARIANCE—AUTHORITY TO ADMINISTER OATH—CONFESSIONS—EVIDENCE—RECORD.

1. To convict of the crime of perjury, under section 13 of the act of congress of March 3, 1825 [4 Stat. 118], it must be shown by evidence that the defendant was sworn; that he was sworn in a case, matter, hearing, or other proceeding, where an oath or affirmation is required to be taken or administered under or by any law or laws of the United States, and that he "knowingly and willingly" swore to that which was false.

2. Under an indictment for this offense, the prosecution must stablish, by proof, that the oath was administered to the defendant by the person named in the indictment; that such person had authority to administer the oath, and that the defendant swore, with a wicked and corrupt intent, willfully false in regard to the matters alleged in the indictment to be untrue.

3. The statements of a defendant, which are made the basis of a charge of perjury, must be disproved by two witnesses, or one witness and corroborating circumstances.

4. Any discrepancy between what the defendant swore to, and what is set out in the indictment as having been sworn to by him, is fatal.

5. A commissioner for Ohio and Indiana, appointed by the circuit court of the United States in Indiana, to take depositions in a case pending in said court, has authority to administer an oath under the laws of the United States.

6. Confessions of a prisoner should be cautiously received.

7. The proper evidence of the pendency of a suit is the record of the court.

[This was an indictment against Nathan Coons, charging him with the crime of committing perjury in falsely swearing to a deposition.]

John O'Neal, U. S. Dist. Atty.

Thomas Ewing, for defendant.

LEAVITT, District Judge (charging jury). The defendant in this case is indicted for perjury, under section 13 of the act of congress, approved March 3, 1825, which reads as follows: "If any person in any case, matter, hearing, or other proceeding, when an oath or affirmation shall be required to be taken or administered under or by any law or laws of the United States, shall, upon the taking of such oath or affirmation knowingly and willingly swear or affirm falsely, every person so offending shall be deemed guilty of perjury," etc.

---

[1] [Reported by Lewis H. Bond, Esq., and here reprinted by permission.]

The indictment contains one count wherein the defendant is charged with committing perjury on January 18. 1855, at Cincinnati, in the state of Ohio, by swearing to a deposition before Alexander H. McGuffey, a commissioner for Ohio and Indiana, who had been appointed as such on December 29, 1854, by the circuit court of the United States, in the state of Indiana, to take said deposition, to be used in a case then pending in said court, wherein Benjamin A. Earl was plaintiff, and the Madison Insurance Company was defendant. The indictment alleges that the defendant, Nathan Coons, testified in said deposition, among other things, "that Adams Chapin and Lyman Cole, and Filley & Chapin, in the month of December, 1851, and about the first of the month of January. 1852, had only a few sides of sole leather in their store, on Pearl street, in Cincinnati, and that they did not then have a great deal of stock on hand, and that about that time he was all through their said store and manufactory, in said city, and they then had little stock of any kind on hand; that they had a small quantity of red sole leather and sheep-skin, but very little of either; that about December 12, 1851, Filley, one of said firm of Filley & Chapin, told him to fill up two boxes, which were standing in said manufactory, with leather chips; that he did so, and that when they were so filled, the said Filley nailed the lids on them and marked on them "Kip Boots, No. 1." and the letter "C," and "Louisville, Ky.;" that another person had already filled two other boxes with leather chips, and also filled two more at the time he filled the two boxes at Filley's request, and that when he left the store the said Filley was engaged in nailing up the boxes so filled; that about January 1, 1852, he saw all of these boxes put on board the steamboat "Martha Washington,", while she was lying at the Cincinnati wharf, prior to her departure on the trip when she was burnt. The indictment also contains the following assignments of perjury: (1) That Filley & Chapin, in the month of December, 1854, and in the month of January, 1852. had a large stock on hand in their store, on Pearl street, in Cincinnati. (2) That the said Coons was not about that time in or through their manufactory or store, on Pearl street, in Cincinnati. (3) The said Filley did not tell said Coons to fill up two boxes with leather chips. (4) That the said Coons did not fill any of said boxes with chips. (5) That the said Filley did not nail the lids on any boxes filled with leather chips. (6) That the said Filley did not mark upon any such box or boxes "Kip Boots, No. 1," or the letter "C," or any other marks. (7) That no other person filled any of the said boxes with leather chips. (8) That the said Coons did not see any boxes so filled with leather chips put on board the said steamboat "Martha Washington."

To justify a verdict of guilty in this case, the jury must be satisfied by the evidence that the defendant was sworn; that he was sworn in a case, matter, hearing, or other proceeding, when an oath or affirmation shall be required to be taken or administered under or by any law or laws of the United States, and that he knowingly and willingly swore to that which was false. It must also appear by the evidence that the oath was administered to him by the person named in the indictment, and that such person had authority to administer the oath. The proper evidence of the pendency of a suit between Benjamin A. Earl and the Madison Insurance Company, in the circuit court of the United States, in the state of Indiana, is the record of the court. During the progress of the case, the question has arisen, was the commissioner, McGuffey, duly authorized to take the defendant's deposition? The circuit court of the United States in Indiana was fully competent to give him such authority. It will be for the jury to say, from the evidence, whether the defendant swore falsely, with a wicked and corrupt intent to falsify in regard to matters alleged in the indictment to be false. The jury will have the defendant's deposition and will compare it with the indictment. There are several distinct assignments of perjury in the indictment, and the defendant can not be convicted except as to matters therein charged. A conviction can not be had on the assignment, respecting the quantity of stock Filley & Chapin had on hand, as the averment of the indictment is, that in December. 1854, and in the month of January, 1852. they had a large amount of stock on hand, while the statement of the defendant, in his deposition, is, that in the month of December, 1851, and about the first of the month of January, 1852, they had but a small amount of stock on hand. Any discrepancy between what the defendant swore to in his deposition, and what is set out in the indictment as having been sworn to by him, is fatal to a conviction. The assignment principally relied on by the prosecution is that respecting the filling up of the boxes with leather chips. Was this statement false? It must, to authorize a conviction, be disproved by two witnesses, or one witness and corroborating circumstances. The facts will be for the jury to determine from the evidence. If they believe the defendant to have sworn willfully false in testifying, as alleged in the indictment, it will be their duty to convict. The prosecution relies upon the testimony of the three Chapins and Earl, and has also proved some confessions of the defendant made by him while in jail. Confessions of an accused person should always be cautiously received. The jury are the exclusive judges of the credibility of evidence. It appears from the testimony that the Chapins were implicated in a case arising out of the burning of the steamboat "Martha Washington,"

and would be affected by evidence which would tend to establish their fraudulent conduct. Earl is a party to a suit against the Madison Insurance Company, seeking to enforce its liability under a policy insuring this property about which the defendant testified in his deposition. Perjury is an odious crime, and the defendant, if guilty, merits the punishment inflicted by the law; but the jury should weigh well the evidence and act with great deliberation.

The jury returned a verdict of not guilty.

[For the trial of the indictment against the Chapins and others for burning the Martha Washington, see Case No. 14,832.]